# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

In re

**RANDY A. NORENBERG** and
**JACKIE L. NORENBERG**,

        Debtors.

Case No. **15-61156-13**

**Elska, Inc.**,

        Plaintiff.

-vs-

**CLINT A NORENBERG**, **RANDY A. NORENBERG**, and **JACKIE L. NORENBERG**,

        Defendants.

Adv No. **16-00015**

## MEMORANDUM

At Butte in said District this 9th day of November, 2016.

In this adversary proceeding, Plaintiff seeks: exception of its $90,000 claim against Defendants from Debtors' discharge under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B); seeks judgment against Defendants under Montana common law fraud and constructive fraud; objects to the Debtors' discharge under 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), and

1

727(a)(4)(A); seeks judgment to avoid a sale as fraudulent under Montana Code Annotated § 31-2-333 and § 31-2-339; seeks judgment based on breach of contract; and seeks judgment holding Defendants liable as alter ego of Common Landscaping, Inc. Defendants filed answers and affirmative defenses denying most material allegations of the complaint. Trial of this adversary proceeding was vacated and a scheduling conference is set for December 7, 2016.

On October 14, 2016, Plaintiff filed a motion seeking summary judgment be entered against Defendants under § 523(a)(2)(A) (First Claim for Relief), § 523(a)(2)(B) (Second Claim for Relief), and for denial of discharge to Defendants Randy and Jackie Norenberg under § 727(a)(4)(A) (Fifth Claim for Relief). Plaintiff filed a brief in support of its motion for summary judgment, and a Statement of Uncontroverted Facts ("SOUF") with eleven exhibits. Defendants filed a brief in opposition to summary judgment on October 31, 2016, accompanied by a Statement of Genuine Issues, including an assertion that there remain genuine issues of material fact with respect to fraudulent intent. After review of Plaintiff's motion for summary judgment, brief and SOUF, Defendants' brief in opposition and Statement of Genuine Issues, and Plaintiff's reply, the Court finds and concludes that Plaintiff failed its burden to show there are no genuine issues of material fact with respect to Defendants' fraudulent intent, which is a required element of Plaintiff's claims under § 523(a)(2)(A), § 523(a)(2)(B), and § 727(a)(4)(A). Therefore, Plaintiff's motion for summary judgment will be denied.

This Court has jurisdiction under 28 U.S.C. § 1334(b) as this adversary proceeding is arising in and related to the above-captioned Defendants' bankruptcy cases. Plaintiff's claims objecting to Defendants' discharge and seeking determinations as to the dischargeability of Plaintiff's particular debts are core proceeding under 28 U.S.C. §§ 157(b)(2)(I) & (J).

Plaintiff's filed a separate SOUF in support of its motion for summary judgment as required by Montana Local Bankruptcy Rule ("Mont. LBR") 7056-1(a)(1). The SOUF, Document No. 21, is accompanied by eleven exhibits, including the transcripts of Rule 2004 examinations of both Debtors Randy and Jackie Norenberg, a transcript of the § 341 meeting, and bankruptcy documents. The SOUF sets forth 87 asserted facts[1] based upon which Plaintiff seeks summary judgment under § 523(a)(2)(A), § 523(a)(2)(B), and § 727(a)(4)(A). Defendants' Statement of Genuine Issues disagrees with alleged uncontroverted facts 25 through 27, 30-33, 37-56, 64-68, 70-73, 75-76, 77, and 80-86 with respect to various elements of Plaintiff's claims for relief. Specifically with respect to fraudulent intent, Defendants' Statement of Genuine Issues at paragraph 8 on page 5 states: "There is a genuine issue of material fact with respect to fraudulent intent with respect to any mistake in preparing the schedules." Defendants supported their brief with a Declaration of Randy A. Norenberg, which includes his sworn statement on page 6, paragraph 20:[2] "We did not have an intent to conceal anything or defraud anybody."

## DISCUSSION

### I. Summary Judgment Standards.

Summary judgment is governed by F.R.B.P. 7056. Rule 7056, incorporating Rule 56(c), Fed. R. Civ. P., states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a

---

[1] Plaintiff's SOUF is at Doc. 21 of the case docket in this adversary proceeding.

[2] Randy Norenberg's Declaration is at Doc. 25.

3

heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (*quoting In re Aquaslide "N" Dive Corp.*, 85 B.R. 545, 547 (9th Cir. BAP 1987)). Once that burden has been met, "the opponent must affirmatively show that a material issue of fact remains in dispute." *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir.1985). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty* U.S. 242, 247-48, 106 *Lobby, Inc.* (1986). Instead, to demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible in evidence. *Aquaslide*, 85 B.R. at 547.

    The moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986).

    If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence.

*T.W. Elec. Serv.*, 809 F.2d at 631.

## II. Plaintiff's Summary Judgment Claims.

Plaintiff seeks summary judgment under § 523(a)(2)(A), § 523(a)(2)(B), and § 727(a)(4)(A), seeking exception of its claim from Defendants' discharge, and denial of discharge. On the issue of nondischargeability of debts, the Ninth Circuit imposes a "weighty burden" on creditors, strictly construing exceptions to discharge in order to further Congress's policy of affording debtors a fresh start. *In re Rahm*, 641 F.2d 755, 756-57 (9th Cir. 1981), *cert. denied* 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981); *Quarre v. Saylor (In re Saylor)*, 178 B.R. 209, 214 (9th Cir. BAP 1995). Similarly, objections to discharge under § 727 should be construed "liberally in favor of debtors and strictly against parties objecting to discharge." *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010); *Bernard v. Shaeffer (In re Bernard)*, 96 F.3d 1279, 1281 (9th Cir. 1996).

To prevail under a § 727(a)(4)(A) claim for denial of discharge, a plaintiff must show by a preponderance of the evidence that: "(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." *Retz*, 606 F.3d at 1197, quoting *Roberts v. Erhard (In re Roberts),* 331 B.R. 876, 882 (9th Cir. BAP 2005). The required intent under § 707(a)(4)(A) must be actual rather than constructive intent. *Id.* at 1196.

To prevail under § 523(a)(2)(A) a creditor must establish five elements: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement of conduct; (3) intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately

5


caused by his reliance on the debtor's statement or conduct.  *In re Deitz,* 760 F.3d 1038, 1050 (9th Cir. 2014); *Oney v. Weinberg (In re Weinberg)*, 410 B.R. 19, 35 (9th Cir. BAP 2009).  Section 523(a)(2)(A) differs from § 523(a)(2)(B) only because the latter involves a false statement in writing.  *In re Candland*, 90 F.3d 1466, 1469 (9th Cir. 1996); *In re Siriani,* 967 F.2d 302, 304 (9th Cir. 1992).

      The Court need not consider all of the parties' contentions regarding various elements of the three claims for relief for which Plaintiff moves for summary judgment.  As set forth above all 3 claims for relief require a showing of fraudulent intent.  Plaintiff has submitted its motion for summary judgment with a SOUF and supporting transcripts which Plaintiff argues establishes an absence of genuine issue of material fact with respect to Defendants' alleged fraudulent intent.  Defendants deny fraudulent intent under all three of Plaintiff's claims for relief for which it moves for summary judgment, supported by the declaration of Debtor Randy A. Norenberg.

      A trial court "is not to make credibility determinations when making or denying summary judgment."  *In re Wank*, 505 B.R. 878, 892 n.18 (9th Cir. BAP 2014), quoting *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012).  For purposes of the instant motion for summary judgment, this Court concludes that the Defendants' asserted genuine issues of material fact regarding fraudulent intent, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in the non-moving party's favor based on that evidence.  *T.W. Elec. Serv.*, 809 F.2d at 631.  As the Court noted above, if a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied.  *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587.

**IT IS ORDERED** a separate Order shall be entered denying the Plaintiff's motion for summary judgment, filed on October 14, 2016 (Document No. 19).

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge